# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**JOHNNY EDWARD BANKS,**

    **Petitioner,**

**v.**

**G. GOMEZ, Warden**

    **Respondent**.

**Civil No.: 5:19CV189**
**JUDGE STAMP**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 5, 2019, the pro se Petitioner, Johnnie Banks ("Banks") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Banks has satisfied the $5 filing fee. ECF No. 9. Banks is a federal inmate who was housed at FCI Gilmer when he filed this petition and is challenging the validity of his sentence from the United States District Court for the Western District of Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

  **A.  Conviction and Sentence**

On June 12, 2013, a federal Grand Jury returned a five-count First Superseding

---

[1] Unless otherwise noted, the information in this section is taken from Banks's criminal docket available on PACER and all ECF numbers are from that case. See United States v. Banks, No. 8:12-cr-00493-RWT ). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

Indictment against Banks and two co-defendants which charged Banks with conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count One); distribution of 28 grams or more cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Counts Two and Three), and distribution of a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Five). ECF No. 66.

On August 26, 2013, Banks pleaded guilty to Count Two pursuant to a written plea agreement, in which the United States agreed to dismiss Counts One, Three and Five. ECF Nos. to 78, 29 and 80. In addition, to dismissing counts, the United States also agreed to dismiss a previously filed Information filed pursuant to Title 21, United States Code, Section 851. ECF No. 80, see also ECF No. 45.

Banks was sentenced on December 16, 2013. ECF No. 111. The Court found at sentencing that Banks had two prior convictions which would qualify him for sentencing as career offender: (1) Breaking and Entering, Buckingham County, Virginia Circuit Court, 2007; (2) Possess with the Intent to Manufacture/Sell cocaine, Charlottesville, Virginia Circuit Court, 2009. Banks raised no objection to the PSR nor any objection to the guidelines calculation. ECF No. 107. At the time of sentencing, counsel for Banks filed a Sentencing Memorandum in which counsel argued for a variance from the Guidelines because counsel believed Banks' Criminal History Category vastly overstated his actual prior criminal conduct. ECF No. 96.

Banks was sentenced to 180 months imprisonment, a sentence at the bottom of the guideline range. ECF No. 111. Judgment was entered on December 17, 2013. ECF No. 112. Banks did not appeal.

Banks filed a pro se motion to vacate, set aside or correct the sentence, pursuant

to 28 U.S.C. § 2255 on January 9, 2015. ECF No. 125. Finding that the motion failed to state any ground on which the court could grant relief, the § 2255 motion was dismissed on May 14, 2015, by the District Court, without prejudice to Banks filing a new § 2255 motion at some later time, should Banks discover grounds for relief that would be timely under the subsections of 2255(f). ECF Nos. 126, 127.

On June 24, 2016, the United States Court of Appeals for the Fourth Circuit granted authorization for Banks to file a second or successive § 2255 motion, and said motion was filed on that same date. ECF Nos. 132, 133. In that motion, Banks contended that he was entitled to relief on collateral review under Johnson v. United States, 135 S.Ct. 2551 (2015) and Welch v. United States, 136 S.Ct. 1257 (2016). The Government filed a motion to dismiss. ECF No. 138. On May 5, 2017, the district court granted the Government's motion to dismiss finding that the decision in Beckles v. United States, 137 S.Ct. 886 (2017), held that the Sentencing Guidelines were not subject to a vagueness challenge and therefore Johnson's holding did not extend to them. ECF No. 139.

On May 9, 2019, Banks filed a *pro se* Motion to Reduce Sentence pursuant to the First Step Act. ECF No. 145. That motion remains pending. According to the BOP Inmate Locator, Banks is currently projected to release on November 8, 2026 pursuant to good conduct time.

**B. Banks's Claims**

In support of his § 2241 petition before this Court, Banks alleges that his conviction for burglary no longer qualifies as a predicate conviction for a career offender enhancement. In support of this argument, Banks relies on several Fourth Circuit opinions as well as the decision in Descamps v. United States, 570 U.S. 254 (2013). For relief,

3

Banks requests that this Court remove the career offender enhancement and resentence him.

**LEGAL STANDARDS**

   **A. Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Banks's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

   **B. Pro Se Litigants**

As a pro se litigant, Banks's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Banks is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

   **C. Post-Conviction Remedies and Relief**

Despite the title he affixes to his petition, Banks unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a

habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000).

With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### III. ANALYSIS

Although Banks does not raise the savings clause, he is not entitled to its application. Because he is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Banks meets the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his

sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[2] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Banks was sentenced under the post-Booker, advisory Guidelines, regardless of whether

---

[2] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

7

this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Banks cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Banks shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Banks by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 22, 2019

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE