IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHNNIE EDWARD BANKS, JR.,

    Petitioner,

v.                                           Civil Action No. 5:19CV189
                                                                     (STAMP)

C. GOMEZ, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
DENYING LETTER MOTION TO APPOINT COUNSEL**

I. Procedural History

The pro se[1] petitioner, Johnnie Edward Banks, Jr. ("Banks"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner was formerly incarcerated at FCI Gilmer in Glenville, West Virginia, when he filed his petition challenging the validity of his sentence from the United States District Court for the Western District of Virginia. ECF No. 10. In his petition, petitioner alleges that his conviction for burglary no longer qualifies as a predicate conviction for a career offender enhancement. ECF No. 1 at 5. For relief, petitioner is requesting that this Court remove his career offender enhancement and re-sentence him accordingly. Id. at 8.

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

This civil action was referred to United States Magistrate Judge James P. Mazzone under Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Mazzone issued a report and recommendation (ECF No. 11) recommending that the petitioner's petition (ECF No. 1) be denied and dismissed without prejudice. ECF No. 11 at 8. The petitioner did not file objections to the report and recommendation. For the following reasons, this Court affirms and adopts the report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his report and recommendation, the magistrate judge correctly noted that in the instant case, the petitioner does not attack the execution of his sentence, but instead challengers the validity of his sentence. ECF No. 11 at 5. The magistrate judge

2

determined that although petitioner does not raise the savings clause, he is not entitled to its application. ECF No. 11 at 6. The magistrate judge properly determined that because petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler[2] test for this Court to have jurisdiction to hear his challenge on the merits. Id. at 6. The magistrate judge determined that in this case, even if petitioner meets the first, second, and third prongs of Wheeler, petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Id. at 6-7. Upon review, the magistrate judge concluded that the law in this Circuit makes clear that petitioner cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Id. at 8. Thus, because the magistrate judge determined that the petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, the magistrate judge properly concluded that his claim may not be considered under § 2241, and that this Court is without jurisdiction to consider his petition. Accordingly, the magistrate judge recommended that the petitioner's petition (ECF No. 1) be denied and dismissed without prejudice. Id. at 8.

---

[2]United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).

Upon review, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation.

Further, the petitioner's motion to appoint counsel (ECF No. 12) is denied. In contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional rights, the Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. § 1915(e)(1). It is well settled that in a civil action, the Court should appoint counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Upon review of the pending motion, the undersigned is of the opinion that the petitioner has failed to show a particular need or exceptional circumstances that would require the assistance of a trained practitioner. Accordingly, the motion is denied.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 11) is AFFIRMED and ADOPTED in its entirety. Accordingly, the petition for writ of habeas corpus

4

pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITHOUT PREJUDICE.  In addition, the petitioner's motion to appoint counsel (ECF No. 12) is DENIED.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      September 19, 2019


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE